IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LANCE TERRELL REESE,<br><br>        *Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>        *Respondent.* | Criminal Action No. 1:15-cr-32<br>Civil Action No. 1:17-cv-248<br>Hon. Liam O'Grady |

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to set aside or correct his sentence. (Dkt. No. 161). Petitioner alleges that his trial counsel provided ineffective assistance by failing to object to statements made by the Court during trial and failing to seek the recusal of the presiding judge. Petitioner also submits that the prosecution engaged in misconduct by vouching for a witness. Petitioner contends that these infirmities prejudiced him and warrant a correction to his sentence. For the reasons discussed below, the Court **DENIES** the Motion.

### I. Background

On June 18, 2015, following a four-day jury trial, Petitioner was convicted of one count of conspiracy to commit arson in and affecting interstate commerce and one count of arson of the same in violation of 18 U.S.C. § 844(n) and §§ 844(i) and 2, respectively. Dkt. No. 64-65. Following the conviction, Petitioner moved to adopt his co-defendant's motion for a new trial, alleging that statements made by the Court during the trial had unduly influenced the jury. Dkt. No. 109-110. The court denied Petitioner's motion to adopt, Dkt. No. 127, and also denied the

co-defendants motion for a new trial. Dkt. No. 140. In an order issued on October 6, 2015, the Court held that its comments during trial did not deny the defendants a fair trial. *Id.*

Petitioner and his co-defendant appealed their convictions to the Fourth Circuit Court of Appeals. Petitioner argued before the Court of Appeals that this Court's comments during trial denied him a fair trial. The Court of Appeals affirmed Petitioner's conviction and that of his co-defendant. *United States v. Reese*, 659 F. App'x 741 (4th Cir. 2016) *cert. denied*, No. 16-8708, 2017 WL 1365780 (May 15, 2017). The Court of Appeals found that this Court's comments during trial "simply fulfill[ed] its obligation to clarify confused factual issues or misunderstandings [and] to correct inadequacies of examination or cross-examination." *Id.* (brackets in original) (quoting *United States v. Castner*, 50 F.3d 1267, 1273 (4th Cir. 1995)). The Court of Appeals also noted that this Court provided numerous instructions to the jury reminding them to rely on their own recollections instead of the observations of the judge or the lawyers. *Id.* at 743-44. The Court of Appeals found that these repeated instructions overcame any claim of prejudice based on the "court's isolated statements." *Id.*

Following the decision of the Court of Appeals, Petitioner filed the instant motion, *pro se*, for relief pursuant to 28 U.S.C. § 2255. Dkt. No. 161. The Court ordered the Government to respond to the motion. Dkt. No. 164. The Government has responded to the motion. Dkt. No. 166. Petitioner has filed a reply brief. Dkt. No. 170.

## II. Legal Standard

A petitioner is entitled to relief under 28 U.S.C. § 2255 only in the extraordinary event that he demonstrates either: (1) a lack of jurisdiction by the convicting court; (2) constitutional error; or (3) legal error so grave as to be "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing

2

28 U.S.C. § 2255). The petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. *See Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965). It is well settled that bare, conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. *See, e.g., United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), *cert. denied*, 135 S. Ct. 47 (2014).

### III. Discussion

Petitioner raises three grounds for correction to his sentence. First, he alleges that his counsel was ineffective for failing to object to comments made by the Court during the trial. Second, Petitioner argues that his lawyer was ineffective for failing to move the Court to recuse itself due to a conflict of interest. Third, Petitioner submits that the prosecutors in the case engaged in misconduct by "vouching" for a witness. The Court addresses these claims in turn.

#### A. Ineffective Assistance of Counsel – Objections During Trial

A claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *See United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). "To sustain [a] § 2255 Motion based on ineffective assistance of counsel, [Petitioner] must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *United States v. Coles*, No. 1:11CR512 LMB, 2013 WL 1947259, at *2 (E.D. Va. May 9, 2013). To satisfy the first part of the *Strickland* test, petitioner must establish that counsel failed to provide reasonably effective assistance, that is, the counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, petitioner must "show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Importantly, a court need not review the reasonableness of counsel's performance if the petitioner

fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998) (citing *Strickland*, 466 U.S. at 697).

Petitioner points to five statements made by the Court over the course of the four-day trial to which his counsel did not object and which Petitioner contends prejudiced him in the disposition of the case. Three of the alleged statements occurred in front of the jury. First, during the testimony of a government witness, Horace Thompson, the Court commented on a cross-examination question by Petitioner's counsel before the witness responded. Second, the Court instructed Petitioner's counsel during closing arguments to confine his presentation to the evidence adduced at trial. Petitioner contends that this statement implied that he bore the burden to present evidence in order to prove his innocence. Third, during the government's rebuttal closing argument, co-defendant's counsel objected to a perceived mischaracterization of the evidence, to which the Court opined that its recollection of the evidence was consistent with the Government's argument. The Court immediately followed this comment with an instruction to the jury that their recollection, not that of the parties or the Court, controls. Petitioner contends that these statements unduly and impermissibly influenced the jury to convict him and his counsel was constitutionally ineffective for failing to object to the statements when they were made.

The remaining two statements occurred outside of the presence of the jury. First, the Court admonished counsel for the co-defendant for laughing and smirking during direct testimony of a government witness. The Court advised counsel that the conduct was unprofessional and distracting to the jury. Second, the Court commented on the length of Petitioner's counsel's closing argument and the degree to which it exceeded the time he requested. The Court noted that while he did not cut counsel off, other judges in the district may

4

not be so lenient.  Petitioner argues that his counsel's service was ineffective because he failed to object to any of these statements by the Court.

The Government counters that these statements fail both the prejudice and objective reasonableness prongs of *Strickland*.  With respect to the prejudice prong, the Government submits that the Court of Appeals already found that none of the Court's statements resulted in prejudice to the Petitioner.  In addition to the findings of the Court of Appeals that the statements were not prejudicial, the Government argues that counsel's decisions not to object were objectively reasonable.  Specifically, the Government argues that with respect to the statements from the Court in front of the jury: (1) counsel acted reasonably by not intervening in the cross-examination of a witness by co-defendant's counsel; (2) it was reasonable for Petitioner's counsel to avoid intervening in the objection raised by co-defendant's counsel during closing arguments; and (3) the decision of counselor for Petitioner to not object to the Court's admonition during his own closing argument was reasonable and supported by case law.  With respect to the statements made outside of the presence of the jury, the Government observes that co-defendant's counsel apologized immediately after the Court admonished her for interrupting the testimony and the Court's comment about the length of oral arguments was clearly in jest.  Thus, the Government contends that it was not unreasonable for Petitioner's counsel to decline to object to either statement.

As discussed above, the Court need not reach the objective reasonableness prong of the *Strickland* inquiry if it is evident that Petitioner was not prejudiced by the alleged acts or omissions.  *See Quesinberry*, 162 F.3d at 278.  In this case, Petitioner has not shown that he was prejudiced by the acts or omissions of his counsel.  This Court in its October 6, 2015 Order carefully considered and rejected the claims that statements made during trial resulted in

prejudice to the defendants. The Court of Appeals affirmed and elaborated on the Court's findings. In particular, the Court of Appeals found that the Court "gave numerous instructions to the jury reminding the jury that it was their recollection of the evidence that controlled." *Reese*, 659 F. App'x at 743; *see also Berry v. United States*, 884 F. Supp. 2d 453, 459 (E.D. Va. 2012) ("[A]ny potential prejudice caused by the Court's remarks was cured by the cautionary instruction read to the jury prior to its deliberations . . . ."). Furthermore, the statements made outside of the presence of the jury could not prejudice the jury in its deliberations as to Petitioner's guilt. Because the Court's statements were not prejudicial, Counsel's decision not to object and allow the statements to stand does not constitute actual prejudice to the Petitioner. As none of these acts or omissions were prejudicial, their cumulative effect on the proceedings was also not prejudicial.

### B. Ineffective Assistance of Counsel – Conflict of Interest

Petitioner also contends that his counsel was ineffective for failing to move for the Court to recuse itself because of a perceived conflict of interest. Petitioner elaborated on this argument in his reply to the Government's opposition. Specifically, Petitioner argues that because the presiding Judge's home burned down in 2011, his impartiality might be reasonably questioned. Petitioner further submits that this reasonable concern was exacerbated by his counsel repeatedly asserting that the Court was biased against the Petitioner from the beginning due to the nature of the charges (arson) being brought against him. Petitioner claims that this advice colored every decision he made in the trial including whether or not to testify. Petitioner's counsel did not raise the issue of recusal during the trial. The Government has not directly responded to this claim because it was only substantially briefed in the reply to the Government's opposition.

6

As discussed in the preceding sections, Petitioner must establish that the counsel's assistance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See, e.g., Coles*, 2013 WL 1947259, at *2. While Petitioner does not expressly specify how the case would have proceeded differently had his counsel moved for recusal, the Court can speculate that Petitioner believes a new judge would have been assigned and Petitioner would have tailored his trial strategy to that judge to greater success. But counsel's strategic decision not to move for recusal was within the wide range of reasonable professional assistance because any reasonable counsel would have recognized that the motion was without legal basis. *See Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005) ("Without evidence that reasonable counsel would have believed a continuance stood a realistic chance of being granted, Moody cannot demonstrate that reasonable counsel would necessarily have requested a continuance."). Just because the presiding judge suffered a housefire many years before does not render him unsuitable to preside over the trial. *See, e.g., Strickler v. Pruett*, 149 F.3d 1170 (4th Cir. 1998) ("Nor, any more than recusal from discrimination cases should be required by judges who themselves, or whose families, have been subjected to invidious racial or sexual discrimination, do I believe that my recusal is required from this and all other murder cases for the reason alone that my dad was the victim of a murder."), *aff'd sub nom. Strickler v. Greene*, 527 U.S. 263 (1999). Because counsel's decision not to move for recusal was objectively reasonable, Petitioner's claim is without merit.

Petitioner also claims that his counsel privately instilled a sense of fear in Petitioner by warning him that the Court was biased against him. However, Petitioner offers no evidence of his counsel taking such actions and his naked claim, without more, is insufficient to obtain relief.

7

*Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *as amended* (Aug. 12, 1992), *overruled on other grounds as recognized in Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999). Accordingly, the Court declines to award relief on this claim.

### C. Prosecutorial Misconduct

Finally, Petitioner raises a third ground for correction to his sentence. Petitioner alleges that the Government engaged in misconduct by vouching for one of their witnesses. Specifically, by arguing that there was a common sense reason for the government witness to have testified as he did and favorably comparing the credibility of that witnesses' testimony to the co-defendant. Petitioner submits that these statements improperly influenced the jury and justify a correction to his sentence.

The Government counters that this ground for relief is procedurally barred because Petitioner could have raised the issue on direct appeal but failed to do so and cannot otherwise overcome the high hurdle to raise an issue for the first time in a § 2255 motion. Furthermore, the Government maintains that its statements during closing arguments were appropriate and did not prejudicially affect Petitioner's rights so as to deprive him of a fair trial.

The direct appeal is the "usual and customary method of correcting trial errors." *United States v. Allgood*, 48 F.Supp.2d 554, 558 (E.D. Va. 1999). "[T]he doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) 'cause' excusing the failure to directly appeal such alleged errors; and (2) 'actual prejudice resulting from the errors of which he complains[]'" or "by demonstrating that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *Broyles v. United States*, No. 2:09CR3, 2013 WL 6885128, at *2

(E.D. Va. Dec. 30, 2013) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 492–94 (4th Cir. 1992)).

Claims of prosecutorial misconduct must be raised on direct appeal following a jury conviction. *Smallwood v. Young*, 425 F. Supp. 2d 717, 721 (E.D. Va. 2006) (citing *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974)). Petitioner did not raise his prosecutorial misconduct claims on direct appeal. *See Reese*, 659 F. App'x at 742 (setting forth the arguments raised on appeal). Petitioner offers no explanation in the instant Motion or in his response to the Government's opposition for his failure to raise the claim of prosecutorial misconduct during his direct appeal. Nor can he. There is no cause for failure to raise a claim on direct appeal for prosecutorial misconduct "where the appellate court could have determined that, based on the record before it, any harm resulting from the prosecutor's statements was harmless." *Broyles*, 2013 WL 6885128, at *9. Rather, the "exception to the procedural default rule for claims that could not be presented without further factual development" is limited to the situation where "a plea of guilty had been coerced by threats made by a Government agent," and the effect of these facts "on the judgment was not open to consideration and review on appeal." *Id.* at *8 (quotations and citations omitted). This case does not fall within the exception for prosecutorial misconduct claims raised on appeal and Petitioner offers no other grounds upon which the default can be excused.

Petitioner also fails to establish that actual prejudice resulted from the statements by the government for reasons already addressed above. In brief, the Court repeatedly instructed the jury that the statements of counsel were not evidence and that the jurors' recollection of events and consideration of the evidence controlled. Thus, the appeals to common sense did not actually prejudice to the Petitioner.

For the same reason that Petitioner cannot show prejudice to waive his procedural default, his claim fails on the merits. "The test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks and conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999) (quotations omitted). In this case, the statements were not prejudicial. Therefore, they do not amount to reversible procedural misconduct.

## IV. Conclusion

For the reasons discussed above, the Court **DENIES** Petitioner's Motion under 28 U.S.C. § 2255 to set aside or correct his sentence. (Dkt. No. 161).

June 16, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge